UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 12-21199-CIV-SEITZ

RICARDO ALFONSO,

    Movant,

v.

STATE OF FLORIDA,

    Respondent.

_____/

## AMENDED ORDER OVERRULING PETITIONER'S OBJECTIONS, AFFIRMING MAGISTRATE'S REPORT AND RECOMMENDATION, AND DENYING CERTIFICATE OF APPEALABILITY

THIS MATTER is before the Court on Movant Ricardo Alfonso's Rule 59(e) motion [DE-21] to alter this Court's September 17, 2013 Order [DE-19] dismissing his habeas corpus petition for lack of subject matter jurisdiction. Alfonso correctly notes that the September 17, 2013 Order mistakenly stated that the challenged state convictions did not enhance the federal sentence he is currently serving. Upon review of Alfonso's motion and the record, the Court will vacate its previous order and substitute this Order in its place.

The Court has reviewed *de novo* Alfonso's petition, Magistrate Judge White's Report, Alfonso's objections to the Report, Alfonso's motion for reconsideration, and the record. For the following reasons, the Court will deny Alfonso's petition and will deny a certificate of appealability.

### A. BACKGROUND

Alfonso's petition challenges his pleas in two Florida state cases: Fla. Case No. F96-1794B (the "1996 Florida Case") and Fla. Case No. F98-016525 (the "1998 Florida Cocaine Case"). He is currently serving a sentence for a federal case: S.D. Fla. Case No.

07-CR-60158 (the "2007 Federal Case"). His sentence in the 2007 Federal Case was enhanced in part because of the 1998 Florida Cocaine Case.

### 1. CRIMINAL HISTORY

On May 28, 1996, Alfonso pled no contest to grand theft and dealing in stolen property in the 1996 Florida Case. He was sentenced to one year of probation. (Resp't's App. [DE-11-1] 13-19.)

In 2001, Alfonso had three convictions: two state and one federal. In state court, he was convicted and sentenced for driving with a suspended license in Fla. Case No. F98-17545 (the "1998 Florida Driving Case"). (*See id.* at 29.) Then in federal court, he pled guilty to conspiring to possess cocaine with intent to distribute in S.D. Fla. Case No. 00-CR-977 (the "2000 Federal Case"). He was sentenced to 57 months of imprisonment and five years of supervised release. (*Id.* at 77-78.) Then in state court, on November 15, 2001, he pled guilty to trafficking in cocaine and possession of a fictitious driver's license in the 1998 Florida Cocaine Case, and was sentenced to three years of imprisonment to run concurrently with the sentences already imposed in the 1998 Florida Driving Case and the 2000 Federal Case. (*Id.* at 25-29.) He was released from incarceration on July 17, 2004. (*Id.* at 30.)

After his release, Alfonso continued along his criminal path. On October 4, 2007, Alfonso pled guilty to conspiring to import cocaine in the 2007 Federal Case, waiving his right to appeal. [DE-83, 85 (Case No. 07-CR-60158).] Based on this guilty plea, his supervised release in the 2000 Federal Case was revoked on November 8, 2007, and he was sentenced to 24 months of imprisonment, to be followed by 30 months of supervised release. [DE-113 (Case No. 00-CR-977).] (*See also* Resp't's App. 88-89.)

In the 2007 Federal Case, Alfonso's Presentence Investigation Report determined that he was a career offender because the 1998 Florida Cocaine Case and the 2000

Federal Case constituted "two prior felony convictions of a controlled substance offense." (PSIR (Case No. 07-CR-60158) ¶ 35.) Alfonso objected to his designation as a career offender and specifically to the characterization of the 1998 Florida Cocaine Case as a "drug trafficking conviction." [DE-115 (Case No. 07-CR-60158).] At sentencing on January 31, 2008, he withdrew his objection, and the Court sentenced him to 196 months of imprisonment, to run consecutive to his 24 months of imprisonment for violating his supervised release in the 2000 Federal Case. [DE-134 at 11–13 (Case No. 07-CR-60158).] His sentence for violating supervised release in the 2000 Federal Case ended on November 8, 2009, and he is currently serving his sentence for the 2007 Federal Case.

## 2. HABEAS HISTORY

On July 22, 2008, Alfonso filed a motion in Florida state court for post-conviction relief from the 1998 Florida Cocaine Case, alleging that the trial court had failed to warn him of the deportation consequences of his guilty plea. (Resp't's App. 32-36.) The state trial court denied the motion without prejudice as inadequately pled. However, on May 12, 2010, the state appellate court reversed and remanded to afford Alfonso an opportunity to amend his motion. Alfonso filed an amended motion on June 23, 2010, seeking to vacate both the 1996 Florida Case and the 1998 Florida Cocaine Case. (*Id.* at 58-61.) On August 18, 2010, the court found that he had been apprised in 2002 that his convictions could serve as grounds for deportation and thus dismissed his amended petition as time-barred. (*Id.* at 74-75; *see also id.* at 71–73.) The state appellate court affirmed, and on March 31, 2011, the Supreme Court of Florida dismissed his appeal for lack of appellate jurisdiction.

Meanwhile, he collaterally challenged his conviction in the 2007 Federal Case by filing a section 2255 habeas petition on February 12, 2009, alleging that his sentence had been enhanced by an unconstitutional prior conviction in the 1998 Florida Cocaine

Case. [DE-1 (Case No. 09-cv-60227).] The federal court dismissed his section 2255 petition on February 20, 2009 because Alfonso had failed to exhaust his state remedies, and noted:

> This is Alfonso's third attempt to avoid responsibility for the conviction in [the 1998 Florida Cocaine Case]. First, there was an objection to the PSIR, implying that the Government had not proved his identity. Second, Alfonso tried to argue that he was not convicted of drug trafficking, which would qualify as a controlled substance predicate offense as a Career Offender. Third, he now seeks to invalidate his plea to the prior drug trafficking offense.

[DE-4 (Case No. 09-cv-60227).]

On March 20, 2012, Alfonso filed the instant petition, seeking to vacate the 1996 Florida Case and the 1998 Florida Cocaine Case. Magistrate Judge White's Report [DE-15] concluded that Alfonso was not "in custody" when he filed his petition because he had been released from prison in the 1996 Florida Case and the 1998 Florida Cocaine Case on July 17, 2004. Therefore, Magistrate Judge White recommended dismissing the petition for lack of subject matter jurisdiction.

Alfonso objected to Magistrate Judge White's Report on three grounds: (1) the threat of deportation, combined with "reporting obligations and limits on his activities," rendered Alfonso "in custody" for habeas purposes; (2) *State v. Green*, 944 So.2d 208 (Fla. 2006) tolled the statute of limitations for habeas petitions; and (3) the Florida state court's finding that he had received notice in 2002 of the possibility of deportation was "speculative." [DE-18.]

This Court agreed with Magistrate Judge White's Report and denied Alfonso's petition on September 27, 2013. [DE-19.] The Court incorrectly stated that "the record contains no evidence that the state convictions challenged here were used to enhance his sentence" in the 2007 Federal Case. The Court also rejected his argument that the threat of deportation to Cuba rendered him "in custody" for habeas purposes.

Alfonso filed a timely Rule 59(e) motion seeking to alter or amend this Court's dismissal of his petition. [DE-21.] He makes four arguments: (1) his sentence in the 2007 Federal Case was enhanced by the 1998 Florida Cocaine Case and the 1996 Florida Case, and the Court's conclusion to the contrary was a factual error that appeared for the first time in the judgment under challenge; (2) Alfonso's inability to obtain certain professional licenses is a continuing detriment of his conviction, which augments his earlier argument that the threat of deportation renders him "in custody;" (3) even if this Court lacks subject matter jurisdiction, it must examine the post-conviction procedural scheme to determine if there is any other basis on which to hear Alfonso's claim for relief; and (4) all of the above create at least enough of an open question for the Court to grant a certificate of appealability. In addition, Alfonso has filed a motion to expand the record so as to include a Final Administrative Removal Order, issued on October 21, 2013, ordering Alfonso's removal to Cuba. [DE-22.]

## B. LEGAL STANDARD

Under section 2254, federal district courts have jurisdiction to entertain habeas petitions from persons who are "in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A person is "in custody pursuant to the judgment of a State court" if the state court sentence has not fully expired. *Jones v. Cunningham*, 371 U.S. 236, 242 (1963) (petitioner on parole was in custody, even though not physically confined). However, the Supreme Court has explicitly rejected the argument that "a habeas petitioner may be 'in custody' under a conviction whose sentence has fully expired at the time his petition is filed, simply because that conviction has been used to enhance the length of a current or future sentence imposed for a subsequent conviction." *Maleng v. Cook*, 490 U.S. 488, 491 (1989). Moreover, "once the sentence imposed for a conviction has completely expired, the collateral

consequences of that conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it." *Id.* at 491-92.

## C. ANALYSIS

### 1. JURISDICTION: "IN CUSTODY"

Magistrate Judge White correctly concluded that this Court lacks subject matter jurisdiction to consider Alfonso's petition because he was not "in custody pursuant to the judgment of a State court" when he filed his petition. 28 U.S.C. § 2254(a). [DE-15 at 7–8.] By July 17, 2004, Alfonso had finished his sentences for both the 1996 Florida Case and the 1998 Florida Cocaine Case. He was not subject to conditional release under either sentence. Therefore both of these sentences had fully expired well before March 20, 2012, when he filed this petition.

Alfonso argues that he remains "in custody" as a result of the sentences in the 1996 Florida Case and the 1998 Florida Cocaine Case because (1) he is subject to "reporting obligations and limits on his activities" and may be deported to Cuba [DE-18 at 3] and (2) his sentence in the 2007 Federal Case was enhanced by these earlier convictions [DE-21 at 1–2]. Both arguments are unavailing.

First, "once the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it." *Maleng v. Cook*, 490 U.S. 488, 491–92 (1989). Reporting requirements, the threat of deportation, and ineligibility for certain professional licenses are collateral consequences. *See Llovera-Linares v. Florida*, 559 Fed. App'x 949 (11th Cir. 2014) (petitioner in federal immigration detention awaiting deportation was not "in custody" under section 2254).

Second, under *Maleng*, Alfonso is not "in custody pursuant to the judgment of a State court" simply because his sentence in the 2007 Federal Case, which he is currently

serving, was enhanced by his earlier conviction in the 1998 Florida Cocaine Case. In *Maleng*, the petitioner was sentenced in state court in 1958, in federal court in 1976, and then again in state court in 1978. While serving the federal sentence, the petitioner filed a § 2254 challenge to the 1958 state sentence, arguing that he was still "in custody pursuant to" the 1958 state sentence because the 1958 state sentence had enhanced his 1978 state sentence. The Supreme Court rejected this argument because the 1958 state sentence had fully expired. *Id.* at 491 ("this interpretation stretches the language 'in custody' too far.") However, the Supreme Court construed the § 2254 petition as an attack on the 1978 state sentence as enhanced by the 1958 state sentence, rather than as a direct attack on the 1958 state sentence. *Id.* at 493 ("respondent's habeas petition, construed with the deference to which *pro se* litigants are entitled . . . can be read as asserting a challenge to the 1978 sentence, as enhanced by the allegedly invalid prior conviction"). Because the 1978 state sentence had not expired, the petitioner was "in custody" pursuant to the 1978 state sentence, and the federal court had jurisdiction over his § 2254 petition.

In contrast, Alfonso's instant petition challenges two state sentences that have fully expired: the 1996 Florida Case and the 1998 Florida Cocaine Case. Because they have fully expired, under *Maleng*, he is not "in custody pursuant to" either of them. Unlike in *Maleng*, the Court cannot save Alfonso's petition by reading it "as asserting a challenge to the [later sentence], as enhanced by the allegedly invalid prior conviction," *id.* at 493, because he is currently in custody pursuant to the judgment of a federal court, not a state court as required under section 2254(a).

### 2. ALFONSO'S CLAIMS CANNOT PREVAIL

Even if the Court were to reach the merits, Alfonso cannot prevail. A habeas petition must be on the ground that a petitioner is "in custody in violation of the

serving, was enhanced by his earlier conviction in the 1998 Florida Cocaine Case. In *Maleng*, the petitioner was sentenced in state court in 1958, in federal court in 1976, and then again in state court in 1978. While serving the federal sentence, the petitioner filed a § 2254 challenge to the 1958 state sentence, arguing that he was still "in custody pursuant to" the 1958 state sentence because the 1958 state sentence had enhanced his 1978 state sentence. The Supreme Court rejected this argument because the 1958 state sentence had fully expired. *Id.* at 491 ("this interpretation stretches the language 'in custody' too far.") However, the Supreme Court construed the § 2254 petition as an attack on the 1978 state sentence as enhanced by the 1958 state sentence, rather than as a direct attack on the 1958 state sentence. *Id.* at 493 ("respondent's habeas petition, construed with the deference to which *pro se* litigants are entitled . . . can be read as asserting a challenge to the 1978 sentence, as enhanced by the allegedly invalid prior conviction"). Because the 1978 state sentence had not expired, the petitioner was "in custody" pursuant to the 1978 state sentence, and the federal court had jurisdiction over his § 2254 petition.

In contrast, Alfonso's instant petition challenges two state sentences that have fully expired: the 1996 Florida Case and the 1998 Florida Cocaine Case. Because they have fully expired, under *Maleng*, he is not "in custody pursuant to" either of them. Unlike in *Maleng*, the Court cannot save Alfonso's petition by reading it "as asserting a challenge to the [later sentence], as enhanced by the allegedly invalid prior conviction," *id.* at 493, because he is currently in custody pursuant to the judgment of a federal court, not a state court as required under section 2254(a).

### 2. ALFONSO'S CLAIMS CANNOT PREVAIL

Even if the Court were to reach the merits, Alfonso cannot prevail. A habeas petition must be on the ground that a petitioner is "in custody in violation of the

Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Neither of Alfonso's grounds for relief meet this requirement.

First, Alfonso argues that, in violation of *Padilla v. Commonwealth of Kentucky*, 559 U.S. 356 (2010), he was not informed of the deportation consequences of his pleas in the 1996 Florida Case and the 1998 Florida Cocaine Case. *Padilla* held that a counsel's failure to advise his client of the deportation consequences of a guilty plea could form the basis for an ineffective-assistance-of-counsel claim. However, because *Padilla* announced a new rule, "defendants whose convictions became final prior to *Padilla* therefore cannot benefit from its holding." *Chaidez v. United States*, 133 S. Ct. 1103, 1113 (2013). The judgments in the 1996 Florida Case and the 1998 Florida Cocaine Case had become final at the latest by December 17, 2001, upon the expiration of the 30-day appeals period following the November 17, 2001 entry of Alfonso's guilty plea. Alfonso therefore cannot bring a claim under *Padilla*.

Second, Alfonso alleges that the Florida courts unreasonably applied *State v. Green*, 944 So. 2d 208 (Fla. 2006) to the facts when they dismissed his collateral challenge as time-barred. Violations of state criminal procedure are not cognizable in a federal habeas claim, which must be for a "violation of the Constitution or laws or treaties *of the United States*" (emphasis added). *See Cronnon v. Alabama*, 587 F.2d 246, 250 (5th Cir. 1979) (federal habeas relief cannot be granted on state law grounds).

Even if this Court could address Alfonso's state-law ground, *Green* simply stated that a "motion seeking to withdraw a plea on grounds that the trial court did not advise the defendant of the possibility of deportation . . . must be brought within two years of the date that the judgment and sentence (or order withholding adjudication of guilt) become final" unless the petitioner can "prove that affirmative steps were taken in an attempt to discover the effect of the plea on his or her residency status." 944 So. 2d at 218. Therefore, under *Green*, Alfonso had until December 17, 2003—two years after the expiration of the 30-day appeals period following the November 17, 2001 entry of

Alfonso's guilty plea—to seek post-conviction relief in the Florida courts. He did not do so until July 22, 2008, and there is no indication that Alfonso took any affirmative steps to discover the effect of his plea on his residency status.

### 3. OTHER REMEDIAL FRAMEWORKS

Alfonso argues that, if this court lacks subject matter jurisdiction under § 2241(c)(3), it should examine the post-conviction procedural scheme to determine if his motion may be heard in some other way. [DE-21 at 3.] *See United States v. Jordan*, 915 F.2d 622, 624-25 (11th Cir. 1990) (courts have an "obligation to look behind the label of a motion filed by a *pro se* inmate and determine whether the motion is, in effect, cognizable under a different remedial statutory framework."). However, *coram nobis* jurisdiction is not a vehicle for challenging state court convictions in federal court. *Young v. Warden, FCC Coleman*, 508 F. App'x 918, 920 (11th Cir. 2013).

Moreover, a state conviction "no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available" is "conclusively valid." *Lackawanna Cnty. Dist. Attorney v. Coss*, 532 U.S. 394, 403-04 (2001). Put simply, Alfonso's convictions in the 1996 Florida Case and the 1998 Florida Cocaine Case are final and are no longer subject to challenge, under section 2254 or otherwise.

### 4. CERTIFICATE OF APPEALABILITY

In order to obtain a certificate of appealability, Alfonso must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented here are adequate to deserve encouragement to proceed further." *Jones*

*v. Sec'y, Dep't of Corr.*, 607 F.3d 1346, 1349 (11th Cir. 2010). Here, Alfonso has not made this showing as to any of the alleged grounds.

### D. CONCLUSION

Accordingly, it is

ORDERED that

1. Alfonso's Rule 59(e) motion [DE-21] is GRANTED. The Court's September 17, 2013 Order [DE-19] is VACATED, and this Order is substituted in its place.

2. Magistrate Judge White's Report [DE-15] is AFFIRMED.

3. Alfonso's Objections to Magistrate Report [DE-18] are OVERRULED.

4. Alfonso's petition for a writ of habeas corpus [DE-1] is DENIED WITH PREJUDICE.

5. Alfonso's request for a certificate of appealability is DENIED WITH PREJUDICE.

6. This case is CLOSED. All pending motions not otherwise ruled upon are DENIED AS MOOT.

DONE AND ORDERED in Miami, Florida, this 6th day of August 2014.

PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

cc: Magistrate Judge White
    All Counsel of Record